IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathleen R. Hansen, et al.,            Case No. 3:03CV7236

       Plaintiff

v.                                          ORDER

United States of America, et al.,

       Defendant

       This is a Federal Tort Claims and medical malpractice suit. Pending are motions in limine. For the reasons that follow, the three of the motions shall be overruled and one shall be granted.

       The first motion (Doc. 249) seeks to exclude testimony about the diminished life expectancy of a person with various medically-impairing conditions and diseases. On review of the motion and opposition, I find that the testimony is admissible and will be helpful to the jury. The plaintiffs' challenges to its reliability are the stuff of cross-examination, not grounds for exclusion.

       This motion shall be overruled without prejudice to the plaintiff's right to have the witness voir dired to determine his qualifications for offering the opinion. Assuming he is qualified, the opinion is admissible.

       The second motion (Doc. 248) seeks to limit the number of expert witnesses whom the defendants can call. On the basis of the representations in the defendants' opposition to the motion, I do not find that the proposed testimony is unduly or inappropriately cumulative.

       The third motion (Doc. 246) seeks to exclude the testimony of Dr. David Talan, at least to the extent that Dr. Talan would express an opinion that the standard of care was breached when the

plaintiff's decedent was prescribed restoril. According to the defendant United States of America, Dr. Talan does not assert that restoril contributed proximately to the decedent's death.

The plaintiffs' response shows that the government's motion is not well-taken. It appears that Dr. Talan will testify that administration of restoril, followed by a failure to monitor the decedent, caused the decedent's death. There is nothing improper with evidence tending to show multiple proximate causes for an ultimate outcome.

The fourth motion seeks to preclude testimony that the plaintiffs' decedent's consumption of alcohol and failure to seek medical attention earlier than he did contributed to his death. (Doc. 250). In other words, the plaintiffs seek to bar evidence that would show that plaintiff's decedent's own negligent inattention to his well-being constituted contributory negligence.

The motion shall be granted. There is no indication in the briefs relating to this motion that the plaintiff's decedent was on notice that, if he drank alcohol, his pneumonia would worsen, and the risk of death would increase.

There is likewise nothing presently before the court that shows that the plaintiff's decedent knew until he went to the hospital that he was seriously ill.

Negligence requires a showing of knowledge of likely harm.

Absent a showing that the plaintiff knew he was seriously ill and his illness would worsen if he consumed alcohol, evidence about such consumption and any putative delay in seeking treatment was not contemporaneous with the medical malpractice alleged in this case.

No evidence about plaintiffs' decedent's consumption of alcohol after his symptoms first appeared or delay in seeking treatment before he reasonably should have been aware that he was seriously ill and/or needed medical treatment shall offered to show that such consumption or delay contributed to his death shall be allowed.

Testimony that alcohol consumption and delay in obtaining treatment may have contributed to the death is, however, admissible on the issue of whether medical malpractice, if any, proximately caused the death of plaintiffs' decedent. If requested, the jurors will be instructed that they cannot draw any inference of negligence or fault on the plaintiffs' decedent part from such evidence.

It is, therefore,

ORDERED THAT

1. The motions in limine to: 1) exclude testimony about the diminished life expectancy of a person with various medically-impairing conditions and diseases (Doc. 249); 2) limit the number of expert witnesses whom the defendants can call (Doc. 248); and 3) exclude the testimony of Dr. David Talan with regard to the consequences of prescribing restoril (Doc. 246) be, and the same hereby are denied; and

2. The motion in limine to exclude certain testimony of plaintiff's decedent's as evidence of comparative negligence be (Doc. 250), and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge